UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FERNANDO IBARRA and MONICA IBARRA,<br><br>    Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., and BANK OF NEW YORK MELLON,<br><br>    Defendants. | CIVIL NO.  SA-13-CA-247-PM |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the consent of the parties in the above-styled and numbered cause of action to the undersigned United States Magistrate Judge[1] and consistent with the authority vested in United States Magistrate Judges under the provisions of 28 U.S.C. § 636(c)(1), Federal Rule of Civil Procedure 73, and Rule 1(i) of the Local Rules for the Assignment of Duties to United States Magistrate Judges in the Western District of Texas, the following memorandum opinion and order is entered.

**I.  JURISDICTION**

On March 26, 2013, defendants Bank of America, N.A., Mortgage Electronic Registration System, Inc. ("MERS"), and Bank of New York Mellon (collectively, "defendants") removed this case to this Court pursuant to 28 U.S.C. § 1332 based on complete diversity.[2]

---

[1] Docket nos. 4, 5, and 7.

[2] Docket no. 1 at 3.

## II.  SUMMARY OF PROCEDURAL HISTORY
## AND ALLEGATIONS

Plaintiffs Fernando and Monica Ibarra ("plaintiffs") initiated this action on March 5, 2013, when they filed an "original petition, *ex parte* application for temporary restraining order [("TRO")], and setting for temporary injunction" in the 225th Judicial District Court, Bexar County, Texas, in cause number 2013-CI-03674.[3]  Plaintiffs allege that on June 30, 2005, they executed a promissory note payable to First Continental Mortgage, Ltd., secured by a deed of trust, for real property described in part as "Lot 15, Block 5, NCB 18217, Encino Ranch Subdivision, Unit 3, San Antonio, Bexar County, Texas."[4]  Thereafter, in 2007, plaintiffs allege

> MERS caused to be filed an ASSIGNMENT OF NOTE AND DEED OF TRUST where MERS was the assignor as nominee for Lender and Bank of New York Mellon As Trustee Certificate holders CWABS, Inc. Asset Backed Notes Series 2006-SD3 was the assignee with said assignment filed in Volume 12763, Page 116 in the real property records of Bexar County, Texas.[5]

Plaintiffs allege the "assignment failed to identify the signatory of the assignment on behalf of MERS" and "the notary acknowledgment fail[ed] to indicate who appeared before the notary to acknowledge the document."[6]  Plaintiffs allege defendants posted the real property for a foreclosure sale then scheduled to occur on "May 1, 2012."[7]  Plaintiffs assert three causes of action, identified by three captions in the original petition: "lack of standing," "fraudulent lien,"

---

[3] Id. at 1-2, and exhibit B ("original petition") at 1-7.

[4] Original petition at 2.

[5] Id.

[6] Id.

[7] Id. at 3.

and "declaratory judgment."[8]  In sum, plaintiffs seek a declaratory judgment that defendants do not "have any legal or equitable interest in the property at issue, that [they are not] entitled to enforce the power of sale of the deed of trust which encumbers the subject property, and that [they are not] entitled to payment for the subject property."[9]  A state judge issued a TRO preventing foreclosure and scheduled a hearing on plaintiffs' application for an injunction to occur on May 15, 2013.[10]

Defendants filed their joint original answer on March 26, 2013, in which they denied all material allegations and sought recovery of attorney's fees and costs.[11]  That same day, defendants removed plaintiffs' original petition and case to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446(b), asserting complete diversity of the parties and an amount in controversy in excess of $75,000.[12]

On April 17, 2013, defendants filed a joint motion to dismiss plaintiffs' original petition, claims, and case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[13]  On May 3, 2013, plaintiffs filed a response to the motion.[14]  On May 16, 2013, the District Judge transferred

---

[8] Id. at 3-6.

[9] Id.

[10] Defendants' removal petition states the hearing was set "for March 15, 2013," docket no. 1 at 2, but the order of the state judge attached as an exhibit to the removal petition provides the hearing on plaintiffs' "Application for Injunction" was "set for May 15, 2013," id., exhibit D.

[11] Id., exhibit E.

[12] Docket no. 1.

[13] Docket no. 3.

[14] Docket no. 6.

the case to the docket of the undersigned, pursuant to the consent of the parties.[15]  On July 3, 2013, the Court entered an order directing plaintiffs to "show cause why this case should not be dismissed as barred" by the September 17, 2012 order entered in Civil No. SA-12-CA-461-OLG, Ibarra v. Bank of America, N.A., in the United States District Court for the Western District of Texas.[16]  On July 15, 2013, plaintiffs filed a response to the order to show cause.[17]

### III.  DISCUSSION

**A.     SA-12-CA-461-OLG**

In the July 3, 2013 show cause order, the Court observed that plaintiffs had initiated a prior action, when on May 1, 2012, plaintiffs filed an "original petition, *ex parte* application for temporary restraining order, and setting for temporary injunction" in the 408th Judicial District Court, Bexar County, Texas, in cause number 2012-CI-07224, which named the same defendants, alleged the same facts, asserted the same causes of action, and sought the same relief as this case.[18]  The 2012 state court original petition and case were removed to this Court on May 10, 2012, and were assigned Civil No. 12-CA-461-OLG (the "461 case").[19]  In the 461 case, defendants moved to dismiss "Plaintiffs' claims, in their entirety and with prejudice, for failure to state a claim under Rule 12(b)(6)" of the Federal Rules of Civil Procedure arguing, in sum, that

---

[15] Docket no. 8.  See docket nos. 4, 5, and 7.

[16] Docket no. 9 at 6.

[17] Docket no. 10.

[18] Docket no. 9 at 3-4.  The show cause order further observed that a comparison of the 2012 state court original petition and plaintiffs' "live" pleading in this case revealed the two pleadings were identical.  Id. at 4, n.17.

[19] Id. at 4.

"Plaintiffs lack standing to challenge the assignment of their mortgage," "Plaintiffs' 'bifurcation' theory has been universally rejected," and "Plaintiffs' fraudulent lien claim fails to meet the heightened pleading standard of Rule 9(b)."[20]  The District Judge referred the 461 case to the undersigned for pretrial management, and on August 24, 2012, the undersigned entered a report and recommendation that provided, in part:

- it is recommended that defendants' motions to dismiss, filed May 16 and 17, 2012, be **GRANTED** and the Ibarras' original petition, including its *ex parte* application for temporary restraining order and request for a setting for a temporary injunction hearing, be **DISMISSED.**[21]

No party filed any objection to the August 24 report, and on September 17, 2012, the District Judge entered an order accepting the report:

> It is therefore ORDERED that the recommendation of United States Magistrate Judge Pamela Mathy be and is hereby ACCEPTED pursuant to 28 U.S.C. § 636(b)(1).  It is further ORDERED that Defendants' motion to dismiss (Dkt. # 5, 6) is GRANTED, and all claims asserted herein are DISMISSED with prejudice for the reasons stated in the recommendation.  Taxable costs may be assessed against Plaintiffs, and judgment may be entered in accordance herewith.[22]

That same day, September 17, 2012, the District Clerk filed and entered judgment against plaintiffs.[23]  Because the petition in the 461 case and this case appeared to be identical, the show cause order directed plaintiffs to show cause, on or before July 15, 2013 "why this case should not be dismissed as barred" by the September 17, 2012 judgment in the 461 case.[24]

---

[20]  Id. at 4-5.

[21]  Id. at 5.

[22]  Id. at 5-6.

[23]  Id. at 6.

[24]  Id.

Plaintiff's response to the order to show cause does not address the effect of the September 17, 2012 judgment in the 461 case on plaintiffs' claims in this case. Rather, plaintiffs argue the Court should not rely on "the Court's Orders of December 11, 2012" entered in "Cause 5:12-cv-01093."[25]

The Court's July 3, 2013 order to show cause was very clear that, unless plaintiffs' showed cause otherwise, this case would be dismissed as barred by the September 17, 2012 judgment in the 461 case. Plaintiffs did not address the issue identified in the order to show cause and have not provided argument and authority to show why the two cases at issue are not properly considered to be identical or why this case is not barred and precluded by the judgment in the 461 case. Accordingly, plaintiffs' original petition is **dismissed with prejudice** as barred and precluded by the judgment in the 461 case.

**B.     SA-12-CA-1093-OLG**

In response to the show cause order, plaintiffs contend "there is a fundamental flaw in relying upon the Court's Orders of December 11, 2012" entered in "Cause 5:12-cv-01093" and argue the Court should not rely on that case when dismissing this case.[26] The electronic CM/ECF records of the District Clerk of the Western District of Texas reveal that the case cited by plaintiffs—cause number 5:12-CV-01093 (the "1093 case")—was initiated by plaintiffs on November 6, 2012, when they filed an "original petition, *ex parte* application for temporary restraining order, and setting for temporary injunction" in the 225th Judicial District Court, Bexar County, Texas, in cause number 2012-CI-18099, which alleged substantially the same facts,

---

[25] Docket no. 10 at 2, 4.

[26] Id.

asserted substantially the same causes of action, and sought the same relief as this case and the 461 case.[27]  The original petition and case was removed to this Court on November 19, 2011, and on November 26, 2012, defendants filed a motion to dismiss the 1093 case, arguing, in sum, that plaintiffs' claims were "barred under collateral estoppel and res judicata" due to the 461 case and were "procedurally and substantively defective."[28]  On December 11, 2012, the District Judge signed and entered an order granting defendants' motion to dismiss, which stated in its entirety:

> Pending before the Court is Defendants' motion to dismiss (Dkt. # 4). No response has been filed within the time allowed under the rules.  Tex. W.D. Rule CV-7(e)(2) ("A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion").  If there is no response filed within the time period prescribed by the rules, the Court may grant the motion as unopposed.  Id.  The Court has reviewed the motion and applicable law, and finds the undisputed grounds for dismissal to be meritorious.  Plaintiffs lack standing, their claims are barred by the doctrines of collateral estoppel and/or res judicata, and they have failed to state a claim upon which relief may be granted.
>    It is therefore ORDERED that Defendants' motion to dismiss (Dkt. # 4) is GRANTED, and all claims asserted herein are DISMISSED WITH PREJUDICE to refiling same.
>    Taxable costs are assessed against Plaintiffs.  Final judgment may be entered accordingly, and this case may be closed.[29]

The District Clerk filed and entered judgment against plaintiffs on December 12, 2012, the day the District Clerk filed the District Judge's order.[30]

---

[27]  See Ibarra v. Bank of America, N.A., Civil No. SA-12-CA-1093-OLG (W.D. Tex.), docket no. 1, and exhibit A-2.

[28]  Id., docket nos. 1 and 4.  The original petition named the same defendants as are named in this case, with one addition: Barrett, Burke, Wilson, Castle, Daffin & Frappier, LLP, a Texas limited partnership.  All defendants except the limited partnership joined the motion to dismiss.  Id., docket no. 4.

[29]  Id., docket no. 6.

[30]  Id., docket no. 7.

Although plaintiffs reference the 1093 case in their response to the order to show cause, plaintiffs have provided no argument or authority to show why the December 12, 2012 judgment in the 1093 case (a) excuses plaintiffs from addressing the issue ordered by the Court, that is, whether this case is barred by the September 17, 2012 judgment in the 461 case, or (b) how the Court's handling of the 1093 case has legal bearing on determining whether plaintiffs' claims in the instant case are barred by the 461 case. Again, as discussed above, plaintiffs' original petition is **dismissed with prejudice**.

C.    **Other Matters**

In their response to the order to show cause, plaintiffs also argue the "law know[n] to [the] 5th Circuit has been expanded and does not support [the] Court's prior assertions" such that their claims in this case are not barred by *res judicata*.[31] Plaintiffs contend their "live" pleading in this case "attacks the ability of MERS to have made the assignment of the Note," and the Court's prior ruling in the 1093 case that found plaintiffs lack standing to challenge the assignment of the note did not make any "ruling as to the powers that Defendant MERS has or uses."[32] Plaintiffs further argue "[t]his 'standing' belief"—an apparent reference to the Court's determination in the 1093 case—"is now held to the contrary in the 5th [C]ircuit in two ways."[33] More specifically, plaintiffs contend the Southern District of Texas District Court's decision in Nueces County, Texas v. MERSCORP Holdings, Inc. indicates "MERS has no such power to convey making the foreclosure subject to challenge and false documents a valid cause of

---

[31] Docket no. 10 at 2.

[32] Id.

[33] Id.

8

action,"[34] and the Southern District of Texas Bankruptcy Court's decision <u>Saldivar v. JPMorgan Chase Bank, N.A.</u> explains why "New York REMIC or 'trust law' must be used by this Court and [plaintiffs have] standing to challenge any trust assignment as 'void' due to fraud or illegality."[35]  In the "wherefore" clause within plaintiffs' response to the order to show cause, plaintiffs ask the Court to

> allow the case to continue and rule upon the Defendants' 12(b)6 Motion(s) giving heed to the most recent decisions and findings in this jurisdiction. Further, in the alternative, direct the Plaintiffs to replead any offending portions of their complaint, and that the Court grant Plaintiffs such other and further relief, special or general, to which Plaintiffs may be justly entitled to receive either at law or equity.[36]

Assuming, without deciding, there has been a material change in the law of the Fifth Circuit,[37] plaintiffs do not explain why a change in law would allow plaintiffs to simply file a new complaint reasserting substantially identical claims that were previously dismissed in the

---

[34] <u>Id.</u> at 2-3 (discussing No. 2:12-CV-00131, 2013 WL 3353948 (S.D. Tex., Jul. 3, 2013)).

[35] <u>Id.</u> at 3 (discussing No.12-01010 (Bankr. S.D. Tex., Jun. 5, 2013)).

[36] <u>Id.</u> at 4.

[37] Plaintiffs do not explain how the <u>Nueces County</u> decision, which considers, among other things, a governmental entity's claim against MERS for filing "false" or "fraudulent" liens under § 12.002 of the Texas Civil Practice and Remedies Code, or the <u>Saldivar</u> decision, which considers homeowners' standing to challenge assignments of loans to a securitized trust not involving MERS, supports plaintiffs' claims concerning "the ability of MERS to have made the assignment of the Note," docket no. 10 at 2, and demonstrates plaintiffs' "standing to challenge assignments," <u>id.</u>  Moreover, the two decisions plaintiffs cite, from the District Court and Bankruptcy Court in the Southern District of Texas, are persuasive, but not binding, precedent in this Court and plaintiffs' do not explain how either of those cases reflect a change in the law as decided by the United States Court of Appeals of the Fifth Circuit.  Finally, both of those cases were decided within the last 60 days, well after plaintiffs initiated this case in March 2013, and could not be the reason why plaintiffs re-filed previously dismissed claims in this suit.

461 case, or similar claims that were dismissed in the 1093 case, without identifying the change in the law and the reason for the filing at the time it was made.[38] Accordingly, plaintiffs' alternative request to replead their claims is **denied with prejudice**.

### IV.  CONCLUSION

Upon consideration thereof,

**IT IS ORDERED** that plaintiffs' "original petition, *ex parte* application for temporary restraining order, and setting for temporary injunction" is **DISMISSED WITH PREJUDICE**; plaintiffs' request to replead their claims is **DENIED WITH PREJUDICE**; and defendants' motion to dismiss[39] is mooted.  The District Clerk is directed to enter final judgment accordingly.

**ORDERED, SIGNED** and **ENTERED** this 19th day of July, 2013.

_____
**PAMELA A. MATHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[38]  In addition, plaintiffs have failed to provide argument and legal authority supporting their request to "replead any offending portions of their complaint."  See docket no. 10 at 4.

[39]  Docket no. 3.